**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Bryant Duane Griffin,<br><br>Plaintiff,<br><br>v.<br><br>Joan Erickson, Lisa Kirkpatric, and United States,<br><br>Defendants. | Case No. 25-CV-2807-ECT-EMB<br><br>**REPORT AND RECOMMENDATION** |

This matter is before me on Plaintiff Bryant Duane Griffin's Prisoner Complaint ("Complaint") and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). (Dkt. Nos. 1–2.) For the reasons below, I recommend dismissing this action and denying the IFP Application as moot.

In May 2012, a grand jury indicted Mr. Griffin on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Griffin*, No. 12-CR-0123-JNE-JJG (D. Minn. May 15, 2012).[1] A jury found Mr. Griffin guilty, and United States District

[1] I cite to certain documents from Mr. Griffin's federal prosecution that are not included in this action's docket. But a federal court can take judicial notice of public court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757,

Judge Joan N. Ericksen sentenced him to 240 months' imprisonment. *See* Verdict, *United States v. Griffin*, No. 12-CR-0123-JNE-JJG (D. Minn. Sept. 14, 2012); J. in a Criminal Case, *United States v. Griffin*, No. 12-CR-0123-JNE-JJG (D. Minn. Jan. 22, 2013). Mr. Griffin is currently incarcerated at the United States Prison in Beaumont, Texas. (Dkt. No. 1 at 2.)

The Complaint names three defendants: Judge Ericksen, Lisa Kirkpatrick (an assistant U.S. attorney who prosecuted Griffin), and the United States.[2] (*Id.* at 1.) Mr. Griffin challenges the legality of his conviction and sentence. First, he argues it was improper for Ms. Kirkpatrick to request, and for Judge Ericksen to impose, a sentence enhancement under the Armed Career Criminal Act ("ACCA"). (*Id.* at 3–4.) Second, Mr. Griffin claims Ms. Kirkpatrick and Judge Ericksen violated his "Sixth Amendment right[] of a fair and impartial trial." (*Id.* at 5.) As relief, Mr. Griffin seeks "immediate release." (*Id.* at 8.)

This action cannot proceed. Mr. Griffin is trying to challenge his earlier federal conviction and sentence. But "[i]t is well settled a collateral

---

760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Dusek v. Vaught*, No. 25-CV-0379 (LMP/SGE), 2025 WL 1799723, at *1 n.1 (D. Minn. May 30, 2025) (citing cases), *report and recommendation adopted*, 2025 WL 1797720 (D. Minn. June 30, 2025).

[2] The Complaint misspells the last names of both Judge Ericksen and Ms. Kirkpatrick. I use the correct spellings throughout.

challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986)); *see also United States v. Roberts*, No. 12-CR-0196 (DWF/TNL), 2022 WL 1122119, at *2 (D. Minn. Apr. 14, 2022) ("It is well settled that a prisoner's sole means to challenge the validity of a conviction or sentence is a motion under 28 U.S.C. § 2255 . . ." (citing cases)). Thus, Mr. Griffin's attempt to use standard civil litigation to challenge his conviction and sentence fails.

This raises the question of whether the Court should treat Mr. Griffin's action as a § 2255 motion. Because federal law places strict limits on filing multiple § 2255 motions, courts sometimes warn prisoners about the consequences of converting their action into a § 2255 motion and allow prisoners to decide whether to proceed. *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 383 (2003); *Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002). But Mr. Griffin has already filed a § 2255 motion in his criminal case. *See* Mot. and Incorporated Mem. of Law in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, *United States v. Griffin*, No. 12-CR-0123-JNE-JJG (D. Minn. Jan. 26, 2015); *United States v. Griffin*, No. 12-CR-0123-JNE-JJG), 2015 WL 1000673, at *1 (D. Minn. Mar. 6, 2015) (denying motion). Accordingly, recharacterizing

this matter as a § 2255 motion would serve no purpose, and this action should be denied with prejudice. Given this recommendation, the Court further recommends denying the IFP Application (Dkt. No. 2) as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED WITH PREJUDICE**.

2. Plaintiff Bryant Duane Griffin's Application to Proceed in District Court Without Prepaying Fees or Costs, (Dkt. No. 2), be **DENIED** as moot.

3. The institution having custody of Griffin (currently the United States Penitentiary in Beaumont, Texas) be **DIRECTED** to collect and remit monthly payments from him for this action's filing fee in the manner set forth in 28 U.S.C. § 1915(b)(2).

Dated: July 23, 2026

*s/Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a

copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).